LAWRENCE, J.
The parties stand in the reverse order in which they stood in the court below; we will refer to them in the relation in which they stood in the trial court.
■This action was brought in the municipal court of Cleveland by the plaintiff to recover from the defendant partnership compensation for effecting a loan of $10,000 on real estate by virtue of a contract between him and the defendant, whereby plaintiff claims it was agreed that in the event of his procuring a person able, ready and willing to make the said loan, the defendant would pay him for his service therein $100.
The trial below was to the court and resulted in a judgment in favor of the plaintiff, and error is now prosecuted here to reverse such judgment on the sole ground that it was given for defendant in error, when it ought to have been given for plaintiff in error.
The plaintiff is an attorney at law and the defendant is engaged in making loans on real estate.
The record discloses that in January of this year, the defendant had on hand applications for loans and through two persons, Reinthal and Newman, it came in touch with a man named Weil, who had money he desired to loan on real estate; that a loan of $10,000 on property located on Murray Hill was first submitted to him by defendant. Weil was satisfied to make this loan, but told defendant to go to his brother-in-law,, the plaintiff Bruml, for the purpose of closing up the details thereof. For some reason or another this loan failed of consummation, as did also a loan on property on East 152d street. A loan was then submitted to Mr. Weil on property located on Payne avenue. He was satisfied with this loan and placed in the hands of plaintiff $10,000 for that purpose. Up to this point there is no dispute between the parties. When this Payne avenue loan was about to be consummated, plaintiff asked defendant what share of the 2 per cent commission, that being the percentage defendant usually charged for making loans, he was to receive. Plaintiff claims that defendant told him that he would divide the commission equally with him, while defendant claims he *635 agreed to divide one per cent of the commission between plaintiff and Reinthal and Newman.
This loan was never consummated; Bruml was willing that the loan go through if paid one per cent — $100—and offered to turn over to defendant $9,900. This the defendant refused to accept, and suit was thereupon commenced by Bruml to recover his share of the commission.
The defendant contends that because the loan was not made, plaintiff is not entitled to recover.
With this contention we can not agree. It is not denied that if Bruml had been paid the $100 he claimed, the loan would have been consummated, the whole contention being relative to what the contract between the parties was concerning the division of the commission. We think that where one is able, ready and willing to make a loan to another, and a dispute arises as to what the agreement between the parties was relative thereto, he is not thereby to be deprived of compensation for his services in procuring the loan.
The evidence is conflicting. However, in this state of the record, we are unable to find that the judgment is manifestly against the weight of the evidence as claimed by defendant.
The judgment will be affirmed.
Grant and Dunlap, JJ., concur.